IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEX VAZQUEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SERVICE KING PAINT & BODY LLC, ) <br> D/B/A SERVICE KING, and CARA ) <br> TRUDEAU, an Individual, ) <br> ) <br> Defendants. ) | Case No. 22-cv-04006 <br><br> Judge <br> Magistrate Judge <br><br> **Jury Trial Requested** |

## COMPLAINT

Plaintiff, Alex Vazquez ("Vazquez" or "Plaintiff") by and through his attorneys, Fish Potter Bolaños LLC, complains of Defendants Service King Paint & Body LLC d/b/a Service King ("Service King") and Cara Trudeau ("Trudeau") as follows:

## NATURE OF THE ACTION

1. Alex Vazquez, who is Latino, worked as a painter for Service King, an autobody repair chain with a shop in Yorkville, Illinois, from about 2018 until approximately February 2020. A white non-Latino coworker started to subject him to ongoing offensive and graphic racist and bigoted remarks about Latinos, Mexicans, and African Americans in the shop, including to Vazquez and in his presence. In February 2020, after enduring this conduct for weeks, Vazquez, together with another co-worker complained to Defendant Cara Trudeau, the shop's General Manager, and to Rachel, a Human Resources representative in Detroit. Defendants were dismissive of his complaints. Defendant Trudeau told Vazquez that there were 'not enough people' to back up his complaints. Vazquez then told another coworker that the Company said the perpetrator of the slurs would stay because 'not enough' employees spoke up. Defendant Trudeau terminated Vazquez shortly thereafter, criticizing him and terminating him for complaining about racial harassment.

2. Vazquez suffered a hostile work environment in the shop, and his termination was a pretext for unlawful discrimination and retaliation. He has suffered significant damages due to this conduct and brings this suit to vindicate his rights.

3. Counts I and II allege claims of discrimination based on race and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. et seq. and by the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Count III alleges claims of retaliation in violation of Title VII.

4. Count IV alleges a claim of race discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"). Count V alleges a claim for retaliation under § 1981.

5. Counts VI and VII allege claims for race and national origin discrimination in violation of the IHRA and Count VIII alleges claims for retaliation in violation of the IHRA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over the claims arising under Illinois law pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) insofar as Defendant's place of business is located in and the unlawful employment practices occurred in the Northern District of Illinois.

## ADMINISTRATIVE PROCEDURE

8. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 2000e. A Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") and Plaintiff has filed this Complaint within 90 days of the receipt of the Notice of Right to Sue. Additionally, the Illinois Department of Human Rights issued a Notice of Dismissal dated June 15, 2022.

## PARTIES

9. Plaintiff Vazquez is and was at all relevant times a resident of Will County, Illinois.

10. Plaintiff is Latino. His father was born in Mexico and his mother in Ecuador. He has dark hair and eyes, and brown skin. He was hired in approximately 2018 by Defendant to work at Defendant's place of business located at 165 Fountainview Dr., Yorkville, Illinois 60560.

11. At all times material, Defendant Service King was a for-profit autobody repair company doing business in Kendall County, Illinois.

12. Service King maintains auto collision repair centers across the United States, including the Yorkville location where Plaintiff worked.

13. At all relevant times, Service King was an employer within the meaning of 42 U.S.C. § 2000e and the IHRA, 775 ILCS 5/2-101.

14. Defendant Cara Trudeau is and was the General Manager of Service King at all relevant times. She is named as a Defendant in Plaintiff's claims under 42 U.S.C. Section 1981 only (Counts IV and V).

## FACTUAL ALLEGATIONS

15. Plaintiff Alex Vazquez was hired by Service King in approximately 2018 to work in its Yorkville repair shop. He performed numerous functions during his employment, and at the time of his termination, was performing tasks as a painter, prepper, and buffer.

16. Vazquez was a hard-working, dedicated employee. At all relevant times, his performance met or exceeded Defendants' legitimate expectations.

17. During his employment, Plaintiff was subjected to a hostile work environment, discrimination, and harassment based on his race and national origin in the form of racial slurs and other demeaning actions, culminating in the termination of his employment.

3

18. In or about 2019, the Yorkville shop employed approximately five Latino apprentices. After their apprenticeships were completed, these employees were transferred to other Service King locations, at which time Vazquez became the only non-white employee in the Yorkville shop, apart from an administrative assistant who did not work on the cars.

19. Defendants treated Vazquez differently and less favorably because of his race and national origin. For instance, he was excluded from employee meetings and conversations in the body shop. On occasion, donuts and food were made available to shop employees, and Vazquez was the only employee who was not offered the food.

20. In or about late 2019, Jason Pearson, a "body man," was transferred to the Yorkville location, at which time he was assigned to work directly with Vazquez and other employees in the shop.

21. Pearson is white and non-Latino and was openly racist. He made numerous offensive and bigoted comments directed toward Latinos and African Americans at the workplace.

22. As an example, Pearson stated 'the shop is clean now because the dirty-ass Mexicans are not here,' referring to the Latino apprentices who had been transferred to other Service King locations. Pearson stated 'Mexicans are dirty' and 'Mexicans are hacks,' or words to that effect, among other things. A Latino customer brought in an expensive truck, and Pearson told Vazquez that the Latino customer must be 'in the cartel,' meaning involved with illegal drugs or conduct, and other demeaning comments about Mexican people.

23. Pearson also made numerous derogatory comments directed toward African Americans, including 'Black people don't do good body work' and that Black people 'steal' or similar words to that effect.

24. Pearson used the extremely offensive "N-word" in the workplace.

25. Vazquez's wife and three children are African American.

26. Pearson's above-described comments and bigoted behavior were loud, open, and well known in the shop.

27. In about late 2019, Cara Trudeau assumed the position of General Manager at the Yorkville shop.

28. Trudeau treated Vazquez differently and less favorably because of his race and national origin. For instance, after she assumed the General Manager position, she immediately introduced herself to every employee at the shop except Vazquez, whom she initially ignored and did not speak to for about a week.

29. Vazquez's health suffered from the bigoted and hostile work environment described above.

30. Vasquez was hospitalized in early February 2020.

31. When he returned to work, he and a co-worker, Ross, complained to General Manager Trudeau about Pearson's racist comments and behavior.

32. Trudeau then called the company's human resources office in Detroit and spoke to an HR employee named Rachel. In Trudeau's presence, Vazquez and Ross described Pearson's conduct above to Rachel and requested it be redressed. Rachel stated the company would "investigate" these claims.

33. Shortly afterward Trudeau told Vazquez that 'not enough' people corroborated his complaints, and the alleged "investigation" was concluded.

34. Vazquez subsequently told Steve, another co-worker, that Trudeau said Pearson was going to stay because others did not speak out about his conduct. Steve told Trudeau about this conversation.

35. A short time later, Defendants Trudeau and Service King terminated Vazquez. Trudeau accused Vazquez of engaging in "retaliation," making them, white employees, feel 'uncomfortable' and that what he was doing was 'wrong," all of which were relating to Vazquez's complaining of and opposing racial harassment and discrimination.'

36. Upon information and belief, Vazquez was subsequently replaced by a white employee.

37. Defendants terminated Vazquez because of his race, his national origin and because he complained about the racist and hostile work environment in the Yorkville shop to Trudeau and Human Resources, as described above. In terminating his employment, Defendants acted with discriminatory and retaliatory intent.

38. Apart from his opposition to discrimination described above, Vazquez did not have issues with his co-workers and had not previously been counseled or disciplined for failure to get along with them.

39. Plaintiff has suffered significant damages due to the discriminatory and retaliatory conduct described above, including lost wages and benefits, damage to his career, damage to his health, and emotional distress.

**COUNT I – RACE DISCRIMINATION IN VIOLATION TITLE VII**

40. Plaintiff incorporates the above paragraphs as if fully set forth herein.

41. Plaintiff is Latino.

42. Defendant Service King discriminated against Plaintiff by subjecting him to a hostile work environment and terminating his employment because of his race.

43. The aforesaid discriminatory policies, practices, and directives as alleged herein, violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C 2000e.

44. As a result of this violation, Mr. Vazquez has lost wages and benefits of his employment and has suffered emotional distress. Damages are ongoing.

45. Defendants discriminated against Plaintiff with malice and/or reckless indifference to his federally protected rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alex Vazquez, respectfully requests this Court enter judgment in his favor against Defendant Service King for the following:

A. Find the Defendant's conduct is in violation of Title VII;
B. Grant a permanent injunction against Defendants and its officers, agents, and managers preventing them from violating Title VII;
C. Order all relief required to make Mr. Vazquez whole for the above violations of Title VII, including but not limited to back pay, front pay, future lost earnings, and reimbursement for other employment related losses and benefits, in an amount to be shown at trial, plus interest;
D. Award him compensatory, consequential, compensatory, and other damages for emotional pain, humiliation, depression and anxiety, and for career loss/lost earning capacity, in an amount to be shown at trial.
E. Award him punitive damages in an amount to be determined at trial for Defendant's willful, wanton or reckless misconduct.
F. Award him legal fees, litigation costs, any additional relief as may be just and warranted in this action.
G. Award him other relief the Court determines is necessary and just to make him whole.

## COUNT II – NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

46. Plaintiff incorporates the above paragraphs as if fully set forth herein.

47. Plaintiff is Latino.

48. Defendant discriminated against Plaintiff by subjecting him to a hostile work environment and terminating his employment because of his national origin.

49. The aforesaid discriminatory policies, practices, and directives as alleged herein, violate Title VII.

50. The aforesaid discriminatory policies, practices, and directives as alleged herein,

violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C 2000e.

51. As a result of this violation, Mr. Vazquez has lost wages and benefits of his employment and has suffered emotional distress. Damages are ongoing.

52. Defendants discriminated against Plaintiff with malice and/or reckless indifference to his federally protected rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alex Vazquez, respectfully requests this Court enter judgment in his favor against Defendant for the following:

- A. Find the Defendant's conduct is in violation of Title VII;
- B. Grant a permanent injunction against Defendants and its officers, agents, and managers preventing them from violating Title VII;
- C. Order all relief required to make Mr. Vazquez whole for the above violations of Title VII, including but not limited to back pay, front pay, future lost earnings, and reimbursement for other employment related losses and benefits, in an amount to be shown at trial, plus interest;
- D. Award him compensatory, consequential, compensatory, and other damages for emotional pain, humiliation, depression and anxiety, and for career loss/lost earning capacity, in an amount to be shown at trial.
- E. Award him punitive damages in an amount to be determined at trial for Defendant's willful, wanton or reckless misconduct.
- F. Award him legal fees, litigation costs, any additional relief as may be just and warranted in this action.
- G. Award him other relief the Court determines is necessary and just to make him whole.

## COUNT III – RETALIATION IN VIOLATION OF TITLE VII

53. Plaintiff incorporates the above paragraphs as if fully set forth herein.

54. Plaintiff protested and opposed Defendant's race and national origin discrimination as described above.

55. Plaintiff was retaliated against for engaging in protected activity, i.e., complaining about and opposing Defendant's race and national origin discrimination as described above, thereby depriving him of the enjoyment of benefits, privileges, terms and conditions of his employment in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e.

56. Defendants' retaliation has directly and proximately caused Mr. Vazquez to suffer damages, including, but not limited to, lost wages and benefits and emotional harm.

57. Defendants retaliated against Plaintiff with malice and/or reckless indifference to his federally protected rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alex Vazquez, respectfully requests this Court enter judgment in his favor against Defendant for the following:

A. Find the Defendant's conduct is in violation of Title VII;
B. Grant a permanent injunction against Defendants and its officers, agents, and managers preventing them from violating Title VII;
C. Order all relief required to make Mr. Vazquez whole for the above violations of Title VII, including but not limited to back pay, front pay, future lost earnings, and reimbursement for other employment related losses and benefits, in an amount to be shown at trial, plus interest;
D. Award him compensatory, consequential, compensatory, and other damages for emotional pain, humiliation, depression and anxiety, and for career loss/lost earning capacity, in an amount to be shown at trial.
E. Award him punitive damages in an amount to be determined at trial for Defendant's willful, wanton or reckless misconduct.
F. Award him legal fees, litigation costs, any additional relief as may be just and warranted in this action.
G. Award him other relief the Court determines is necessary and just to make him whole.

## COUNT IV – RACE DISCRIMINATION IN VIOLATION OF § 1981

### (Both Defendants)

58. Plaintiff incorporates the above paragraphs as if fully set forth herein.

59. Plaintiff is a member of a racial minority - Latino.

60. Defendants intentionally discriminated against Plaintiff by subjecting him to a unequal and discriminatory treatment, a hostile work environment and terminating his employment because of his race.

9

61. The aforesaid discriminatory policies, practices, and directives as alleged herein deprived Plaintiff of benefits, privilege, terms and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

62. Defendants' actions and omissions have directly and proximately caused Plaintiff to suffer damages, including but not limited to, lost wages and benefits and emotional distress.

63. Defendants' actions were deliberate, intentional, willful, wanton and malicious, and in reckless disregard of Plaintiff's civil rights as secured by 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alex Vazquez, respectfully requests this Court enter judgment in his favor against Defendant for the following:

A. Find the Defendants' conduct to be in violation of the rights guaranteed Mr. Vazquez under 42 U.S.C. § 1981;
B. Grant a permanent injunction against Defendant and its officers, agents, and manager preventing them from violating 42 U.S.C. § 1981;
C. Award all relief required to make Mr. Vazquez whole for the above violations of 42 U.S.C. § 1981, including but not limited to back pay, front pay, future lost earnings, and reimbursement for other employment related losses and benefits he would have received but for Defendants' discriminatory conduct, in an amount to be shown at trial, plus interest;
D. Award him compensatory damages for emotional pain, humiliation, depression and anxiety, and for career loss/lost earning capacity, in an amount to be shown at trial.
E. Award him punitive damages in an amount to be determined at trial for Defendant's willful, wanton or reckless misconduct.
F. Award him legal fees, litigation costs, any additional relief as may be just and warranted in this action.
G. Award him other relief the Court determines is necessary and just to make him whole.

## COUNT V – RETALIATION IN VIOLATION OF § 1981

### (Both Defendants)

64. Plaintiff incorporates the above paragraphs as if fully set forth herein.

65. Plaintiff complained about and opposed Defendants' discrimination on the basis of race.

66. Defendants intentionally retaliated against Plaintiff for having engaged in the protected conduct described herein, including by terminating his employment, thereby depriving him of the enjoyment of benefits, privileges, terms, and conditions of his employment in violation of 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

67. The aforesaid discriminatory policies, practices, and directives as alleged herein, violate § 1981 and Defendants' retaliation has directly and proximately caused Mr. Vazquez to suffer damages, including but not limited to, lost wages and benefits and emotional harm.

68. Defendants' actions were deliberate, intentional, willful, wanton and malicious and in reckless disregard of Mr. Vazquez's civil rights as secured by 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alex Vazquez, respectfully requests this Court enter judgment in his favor against Defendant for the following:

A. Find the Defendants' conduct to be in violation of the rights guaranteed Mr. Vazquez under 42 U.S.C. § 1981;
B. Grant a permanent injunction against Defendant and its officers, agents, and manager preventing them from violating 42 U.S.C. § 1981;
C. Award all relief required to make Mr. Vazquez whole for the above violations of 42 U.S.C. § 1981, including but not limited to back pay, front pay, future lost earnings, and reimbursement for other employment related losses and benefits he would have received but for Defendants' discriminatory conduct, in an amount to be shown at trial, plus interest;
D. Award him compensatory damages for emotional pain, humiliation, depression and anxiety, and for career loss/lost earning capacity, in an amount to be shown at trial.
E. Award him punitive damages in an amount to be determined at trial for Defendant's willful, wanton or reckless misconduct.
F. Award him legal fees, litigation costs, any additional relief as may be just and warranted in this action.
G. Award him other relief the Court determines is necessary and just to make him

whole.

## COUNT VI – RACE DISCRIMINATION IN VIOLATION OF THE IHRA

69. Plaintiff incorporates the above paragraphs as if fully set forth herein.

70. Plaintiff is Latino. He has dark hair, eyes and brown skin.

71. Defendant Service King discriminated against Plaintiff by subjecting him to a hostile work environment and terminating his employment because of his race.

72. The aforesaid discriminatory policies, practices, and directives as alleged herein, violate the IHRA, 775 ILCS 5/1 et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alex Vazquez, respectfully requests this Court enter judgment in his favor against Defendant for the following:

A. Award him back pay, front pay, future lost earnings, and reimbursement for other employment related losses and benefits, in an amount to be shown at trial, plus interest so as to make him whole.
B. Award him compensatory damages for emotional pain, humiliation, depression and anxiety, and for career loss/lost earning capacity, in an amount to be shown at trial.
C. Award him punitive damages in an amount to be determined at trial for Defendant's willful, wanton or reckless misconduct.
D. Award him legal fees, litigation costs, any additional relief as may be just and warranted in this action.
E. Award him other relief the Court determines is necessary and just to make him whole.

## COUNT VII – NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE IHRA

73. Plaintiff incorporates the above paragraphs as if fully set forth herein.

74. Plaintiff is Latino.

75. Defendant Service King intentionally discriminated against Plaintiff by discriminating against him and subjecting him to a hostile work environment and terminating his employment because of his national origin all in violation of the Illinois Human Rights Act. 775

12

ILCS 5/1 et seq.

76. The aforesaid discriminatory policies, practices, and directives as alleged herein, violate the IHRA, 775 ILCS 5/1 et seq.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alex Vazquez, respectfully requests this Court enter judgment in his favor against Defendant for the following:

- A. Award him back pay, front pay, future lost earnings, and reimbursement for other employment related losses and benefits, in an amount to be shown at trial, plus interest so as to make him whole.
- B. Award him compensatory damages for emotional pain, humiliation, depression and anxiety, and for career loss/lost earning capacity, in an amount to be shown at trial.
- C. Award him punitive damages in an amount to be determined at trial for Defendant's willful, wanton or reckless misconduct.
- D. Award him legal fees, litigation costs, any additional relief as may be just and warranted in this action.
- E. Award him other relief the Court determines is necessary and just to make him whole.

### COUNT VIII – RETALIATION IN VIOLATION OF THE IHRA

77. Plaintiff incorporates the above paragraphs as if fully set forth herein.

78. Plaintiff complained about and opposed Defendant's discrimination on the basis of race and national origin.

79. Defendant Service King retaliated against Plaintiff for his protected conduct including by terminating his employment.

80. The aforesaid discriminatory policies, practices, and directives as alleged herein, violate the IHRA, 775 ILCS 5/1 et seq.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alex Vazquez, respectfully requests this Court enter judgment in his favor against Defendant for the following:

A. Award him back pay, front pay, future lost earnings, and reimbursement for other employment related losses and benefits, in an amount to be shown at trial, plus interest so as to make him whole.
B. Award him compensatory damages for emotional pain, humiliation, depression and anxiety, and for career loss/lost earning capacity, in an amount to be shown at trial.
C. Award him punitive damages in an amount to be determined at trial for Defendant's willful, wanton or reckless misconduct.
D. Award him legal fees, litigation costs, any additional relief as may be just and warranted in this action.
E. Award him other relief the Court determines is necessary and just to make him whole.

**Plaintiff demands a trial by jury.**

Respectfully submitted,

By: s/ M. Nieves Bolaños
One of Plaintiff's Attorneys

M. Nieves Bolaños
David Fish
FISH POTTER BOLAÑOS, P.C.
111 East Wacker Dr. Suite 2300
Chicago, IL 60601
docketing@fishlawfirm.com
nbolanos@fishlawfirm.com
dfish@fishlawfirm.com